LAMKIN IP DEFENSE
Rachael D. Lamkin (246066)
One Harbor Drive, Suite 304
Sausalito, CA 94965
916.747.6091
RDL@LamkinIPDefense.com

*Attorneys for Counter-Claimant*
*Luxx Lighting, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXX LIGHTING, INC., a California corporation,<br><br>    Counter-Claimant<br><br>v.<br><br>HGCI, INC., a Nevada corporation,<br><br>    Counter-Defendant | Case No. 5:19-cv-00570-PSG-KK<br><br>**COUNTER-CLAIMANT LUXX LIGHTING INC'S CORRECTED AMENDED COUNTERCLAIMS**<br><br>Hon. Philip S. Gutierrez |

**COUNTER-CLAIMANT LUXX LIGHTING INC'S CORRECTED AMENDED COUNTERCLAIMS**

Defendant and Counter-Claimant Luxx Lighting, Inc. ("Luxx"), by and through its undersigned counsel, does hereby file its Corrected, Amended Counterclaims.

# COUNTERCLAIMS

## Parties & Jurisdiction

1. Luxx is an innovative lighting company based in southern California.

2. HGCI is a Nevada corporation, formed in 2015, and having an office and principal place of business in Las Vegas, NV.

3. This Court has jurisdiction over Luxx's Counter Claims pursuant to Federal Rule of Civil Procedure 13 and 28 U.S.C. §§ 1331 and 1338.

## Background Facts

4. The Scotts Miracle-Gro Company ("SMG") is the corporate grandparent of HGCI.

5. SMG acquired Sunlight Supply, Inc. in June 2018.

6. Sunlight Supply has sold a lamp + ballast system such as the one claimed by the asserted '090 Patent since, at least, 2006.

7. On January 23, 2019, counsel for HGCI wrote to Luxx.

8. Attached as Exhibit A is a true and correct copy of that letter.

9. In said letter, counsel for HGCI accused Luxx of infringing asserted patent D740,486.

10. In said letter, counsel for HGCI accused Luxx of infringing D826,468.

11. In said letter, counsel for HGCI did not cite asserted patent nos. 7,524,090 or D771301.

12. Prior to filing its Complaint, HGCI had never cited either patent No. 7,524,090 or No. D771301 to Luxx.

13. Any pre-Complaint allegations of willful infringement are limited to the asserted D'486 patent.

14. In its Complaint, Dkt. No. 1, HGCI did not accuse Luxx of infringing D826,468.

15. On March 1, 2019, counsel for Luxx wrote to counsel for HGCI.

16. Attached as Exhibit B is a true and correct copy of that letter.

17. In said letter, counsel for Luxx quoted and cited US Patent No. 9,335,038 (the "'038 patent"), at 5:46-63.

18. In its Complaint, HGCI accuses Luxx's "Luxx DE 1000" of infringing Claim 1 of the '090 Patent.

19. Limitation (c) of Claim 1 of the '090 patent claims mounting the ballast plate to the top side of the lower exterior structure.

20. In the accused product, the lamp ballast is on the side of the lower exterior structure.

21. Limitation (d) of Claim 1 of the '090 requires the air gap to be between the ballast and the lower exterior structure.

22. In the Abstract section of the '090 patent appears the following quote, "The ballast plate shields the lamp ballast from the heated atmosphere as it rises off the top of the lower exterior structure."

23. The specification of the asserted '090 patent states: "The heated gas in the air gap 1030 rises up." ('090, 7:12-13.)

24. The "spacer" in asserted Claim 1 of the '090 functions "to keep the ballast thermally isolated from the light source." ('090 Prosecution History, 11/18/2008 Amendment A, page 2 of 7.)

25. "the lamp ballast is thermally isolated from the grow lamp by an air gap." ('090 Prosecution History, 11/18/2008 Amendment A, page 5 of 7.)

26. The following statements appears at '090 Prosecution History, 11/18/2008 Amendment A, page 3 of 7: "a larger ballast plate 1050 may be required to adequately shield the lamp ballast 512 from the rising heated gas coming off of the mid top flat side 1060."

27. The "spacers" in the accused product are not between the ballast and the lower exterior structure.

28. No reasonable litigant could conclude that the horizontal structure of the accused product infringes the vertical structure described in Claim 1.

## COUNTERCLAIM 1:

### Invalidity of Design Patent Nos. D'486, D'301

29. Paragraph Nos. 1-28 are incorporated by reference herein.

30. Based on the admissions of Stanley at '038, 5:45-63, the asserted design patents are invalid as functional and as anticipated.

## COUNTERCLAIM 2:

### Invalidity of Design Patent No. D'486

31. Paragraph Nos. 1-30 are incorporated by reference herein.

32. The priority date of D'301 is June 20, 2013.

33. The priority date of D'486 is June 4, 2014.

34. The D'486 is not in the same family as the D'301.

35. Thus, the D'301 is prior art to the D'486.

36. In Plaintiff's Complaint, Plaintiff alleges that the reflector hood of the accused product infringes both asserted design patents.

37. In Plaintiff's Complaint, Plaintiff alleges that the lower exterior structure of the accused product infringes both asserted design patents.

38. In Plaintiff's Complaint, Plaintiff alleges that the accused product is "virtually identical" to both asserted design patents.

39. Thus, Plaintiff takes the position that the designs of the D'486 is "virtually identical" to the D'301.

40. The D'301 thus anticipates and invalidates the D'486.

## COUNTERCLAIM NO. 3:

### Invalidity of US Patent No. 7,524,090

41. Paragraph Nos. 1-40 are incorporated by reference herein.

42. Claim 1 of the asserted '090 patent covers a grow lamp with lower exterior structure and a ballast on top of the lower exterior structure.

43. Claim 1 claims a grow lamp with one or more spacers between the ballast and lower exterior structure.

44. Claim 1 claims a grow lamp in the lower exterior structure.

45. Claim 1 claims a ballast above the grow lamp.

46. The claimed structure was well-known in the art.

47. For example, US Patent No. 6,204,602 discloses "The air gap allows ventilation between the lamp and the ballast circuit and also provides a greater distance between the lamp and the ballast circuit to protect the ballast circuit from the heat generated by the energized lamp."

48. The claimed structure is also disclosed in US Patent No. 5,471,375.

49. Thus, the claims of the '090 patent are invalid and obvious pursuant to 35 U.S.C. §§102 and/or 103.

## COUNTERCLAIM 4:
## INEQUITABLE CONDUCT

50. Paragraph Nos. 1-49 are incorporated by reference herein.

51. Stanley and J. Douglas Wells ("Wells") were the named inventor and prosecuting attorney, respectively, for both of the asserted design patents (D'486 and D'301).

52. Stanley and Wells filed a provisional patent application that serves as the provisional for US Patent No. 9,335,038.

53. In said provisional and in the specification for the '038 Patent, Stanley and Wells made the following disclosures: "The reflector 100 is shown from a perspective angle in FIG. 2 illustrating one possible embodiment, wherein the reflector 100 center sections 120 have a plurality of center section bends 125 mimicking a parabola like form, complimented by reflector corner portions 110 that

reduce the angle of reflection at the corners that generally cause hot spots at the plant canopy. Any reflector will work that surrounds the lamp 360 degrees, and one skilled in the art will immediately realize that alterations to the reflector angles or panel proportions will provide trade off benefits of a more 'spot' or 'flood' type of light projection, which are all considered available and anticipated embodiments of the invention. Computer simulation software like Photopia can simulate photometric performance thereby providing assistance in the reflector design to optimize specific applications. The reflector 100 as shown in FIG. 2, 5, and from underneath in FIG. 9 was optimized for the most commonly used lamp, as vertically disposed above the plants at common distances, and represents only one possible embodiment for the reflector 100." ('038, 5:45-63.)

54. In said '038 patent, named inventor Stanley and prosecuting attorney Wells stated, "one skilled in the art will immediately realize that alterations to the reflector angles or panel proportions will provide trade off benefits of a more 'spot' or 'flood' type of light projection."

55. That is, Stanley and Wells admitted that the reflector angles and panel proportions for grow lamps are determined by function.

56. In the '038 patent, named inventor Stanley and prosecuting attorney Wells admitted that the shapes of the corner section bends and reflector corner portions are "are all considered available and anticipated embodiments of the invention".

57. Inventor Stanley and attorney Wells filed the asserted D'301 patent on August 25, 2014.

58. Inventor Stanley and attorney Wells filed the asserted D'486 patent on June 4, 2014.

59. The examiners for asserted patent D'301 were Lough and Rudzinski.

60. The examiners for asserted patent D'486 were Martinez-Rivera and Rademaker

61. The examiners for the '038 were Dzierzynski and Tumebo.

62. Stanley did not disclose the '038 patent during the prosecutions of the asserted D'301 and D'486 patents.

63. Wells did not disclose the '038 patent during the prosecutions of the asserted D'301 and D'486 patents.

64. Stanley did not disclose the admissions at '038, 5:45-63 during the prosecutions of the asserted D'301 and D'486 patents.

65. Wells did not disclose the admissions at '038, 5:45-63 during the prosecutions of the asserted D'301 and D'486 patents.

66. Given the highly material admission that all corner section bends and corner reflector designs were functional, available, and anticipated, the asserted design patents would not have issued but for Stanley and Wells' material omission.

67. *Who*: named inventor Stanley and prosecuting attorney Wells.

68. *What*: (1) failed to disclose admissions made in the '038 patent as described above; (2) failed to disclose Photopia, even though clearly knew and understood its high materiality to the design of lamps.

69. In particular, prosecuting attorney Wells is charged with knowing patent law, and charged with knowing that design patents only claim ornamental aspects, not functional aspects, of a design. Thus, attorney Wells knew the admissions were material.

70. As the prosecuting attorney for the '038 patent, Wells would have known that named inventor Stanley considered all reflector designs to be functional (and known and anticipated).

71. But both Stanley and Wells chose to file design patents covering reflector design after and even though they understood the designs of the asserted patents to be functional and anticipated.

72. The decision not to submit the '038 patent or the cited admissions therein was intentional.

73. *When*: during the prosecution of asserted design patents.

74. *Where*: '038, 5:45-63.

75. *How*: Stanley and Wells admitted and understood that the design of reflectors to be functional, and that all designs were, by the filing of the asserted design patents, well-understood, and anticipated. None the less, Stanley and Wells failed to disclose the '038 during the prosecution of the asserted design patents, and failed to disclose their knowledge that all reflector designs were, by then, functional, known, and anticipated.

76. Given the clear, unequivocal remarks made by Stanley and Wells during the prosecution of the '038 patent, the only reasonable conclusion to be drawn by their failure to disclose these statements during the prosecution of the asserted design patents is that they desired to shield their knowledge and admissions from the USPTO, *i.e.*, to commit fraud on the USPTO in order to obtain design patents that would not have issued but for their material omissions.

## **TRIAL BY JURY REQUESTED**

Luxx respectfully requests a trial by jury for all issues to triable.

## **PRAYER FOR RELIEF**

Given the above, Luxx respectfully seeks:

- An order finding each asserted patent not-infringed and invalid;
- An Order finding the asserted design patents unenforceable.

- An order awarding attorney's fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927.

Dated: January 6, 2020.

By: *Rachael D. Lamkin*
      Rachael D. Lamkin

Attorneys for Counter-Claimant

### CERTIFICATE OF SERVICE

On this date, January 6, 2020, the following documents were served upon Eloqui's counsel of record through the Court's ECF system:

**COUNTER-CLAIMANT LUXX LIGHTING INC'S CORRECTED AMENDED COUNTERCLAIMS**

*Rachael D. Lamkin*
Rachael D. Lamkin
LAMKIN IP DEFENSE