UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-570-PSG (KKx)** | Date: | June 30, 2020 |
|---|---|---|---|
| Title: | *HGCI, Inc. v. Luxx Lighting, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (In Chambers) Order Denying Defendant's Motion to Compel [Dkt. 46]**

On May 15, 2020, Defendant Luxx Lighting, Inc. ("Defendant") filed a Motion to Compel Plaintiff HGCI, Inc. ("Plaintiff") to provide supplemental responses to Interrogatories Nos. 2, 3, 5, 6 and 7, Requests for Admission Nos. 1-4 and 8-13, and Requests for Production Nos. 1-3 and 8 ("Motion to Compel").  ECF Docket No. ("Dkt.") 46.  On June 4, 2020, the parties filed supplemental briefs and advised the Court that the sole discovery requests remaining in dispute are Interrogatory No. 7 and Requests for Admission Nos. 1-4.  Dkts. 53, 54.  For the reasons set forth below, Defendant's Motion to Compel is DENIED.

I.
RELEVANT BACKGROUND

On March 29, 2019, Plaintiff filed a Complaint in this Court alleging Defendant's products, the "630W CMH" light fixture and the "1000W DE HPS" light fixture (the "Accused Products"), infringe the following three patents owned by Plaintiff:
- United States Patent No. 7,524,090 ("the '090 patent"), titled "Horticulture Light fixture having integrated lamp and ballast";
- United States Patent No. D740,486 ("the D'486 patent"), titled "Light fixture"; and
- United States Patent No. D771,301 ("the D'301 patent"), titled "Horticulture grow light fixture."

Dkt. 1.

On May 3, 2019, Defendant filed an Answer and Counterclaim alleging Plaintiff engaged in inequitable conduct.  Dkt. 18.

On May 24, 2019, Plaintiff filed an Answer to the Counterclaim.  Dkt. 22.

On May 15, 2020, Defendant filed the instant Motion to Compel Plaintiff to provide supplemental responses to Interrogatories Nos. 2, 3, 5, 6 and 7, Requests for Admission Nos. 1-4 and 8-13, and Requests for Production Nos. 1-3 and 8 ("Motion to Compel") with a Joint Stipulation pursuant to Local Rule 37-2.[1]  Dkt. 46.

On June 4, 2020, the parties filed supplemental briefs advising the Court that the sole discovery requests remaining in dispute are Interrogatory No. 7 and Requests for Admission Nos. 1-4 and withdrawing the motion as to the other discovery requests.  Dkts. 53, 54.

Defendant's Motion to Compel thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad

---

[1] The Court notes the parties fail to attach any declarations evidencing their meet and confer efforts as required by Local Rule 37-1.  Nevertheless, based on the parties' preparation of the Joint Stipulation and supplemental briefs, it appears the parties have engaged in meet and confer efforts. The Court will, therefore, address the merits of the remaining issues in dispute.  The parties are cautioned, however, that failure to strictly comply with Local Rule 37 may result in sanctions.  See L.R. 37-4.

relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit."  Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).  In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."  Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A.    INTERROGATORY NO. 7

#### 1.    Applicable Law

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  See Fed. R. Civ. P. 33. "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

#### 2.    Analysis

Interrogatory No. 7 requests that Plaintiff "state with specificity the size of the stand off spacer in the Accused Products and explain in full detail why that size is desired."  Dkt. 46 at 12.

Plaintiff objects to Interrogatory No. 7 on the grounds the "use of 'state with specificity,' 'explain in full detail,' and 'why that size is desired' renders the interrogatory vague, unduly burdensome, and requiring speculation on the part of" Plaintiff.  Id. at 12-13.  Plaintiff then responds that "as [Plaintiff] understands the interrogatory, the size of the stand off spacer in the Accused Products may be determined by examining the Accused Products and engineering documents in the possession of Defendant, and the burden of ascertaining this information is substantially the same for [Plaintiff] and Defendant.  With respect to 'why that size is desired,' [Plaintiff] will supplement its response after it has derived or ascertained the answer from Defendant in discovery."  Id. at 13.

Defendant argues Plaintiff was required to conduct sufficient research to ascertain whether "each and every element of the asserted claim is present in the accused device" before filing the Complaint.  Dkt. 54 at 3.  Defendant explains "limitation (d) of Claim 1 of the '090 Patent requires,

'said stand off spacer being the size of the desired air gap between the ballast plate and the lower exterior structure.'" Id.  In addition, Defendant argues its product does not have a "stand off spacer the size of the desired air gap" and Plaintiff "refuses to answer Interrogatory No. 7 because it is case dispositive as to the asserted '090 Patent." Id. at 4.  Plaintiff argues Interrogatory No. 7 "prematurely seeks [Plaintiff]'s positions regarding claim construction – i.e., the meaning of the term 'the size of the desired air gap,' which [Defendant] has identified as a term for construction." Dkt. 46 at 14.

As an initial matter, Plaintiff fails to submit any evidentiary declarations supporting its objection that the interrogatory is unduly burdensome.  See A. Farber & Partners, Inc., 234 F.R.D. at 188.  Hence, Plaintiff's objection on the grounds the interrogatory is unduly burdensome is OVERRULED.

Interrogatory No. 7 assumes the parties have assigned the same meaning to the term in the '090 Patent "the size of the desired air gap."  By identifying this term as a term for construction, Defendant has rendered the interrogatory vague and subject to Plaintiff speculating regarding the meaning Defendant has assigned to the term.  Hence, Plaintiff's objections on the grounds the interrogatory is vague and subject to speculation are SUSTAINED.  Accordingly, Defendant's Motion to Compel further response to Interrogatory No. 7 is DENIED.

## B.      REQUESTS FOR ADMISSION

### 1.      Applicable Law

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  Federal Rule of Civil Procedure 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

### 2.      Analysis

#### a.      Requests for Admission Nos. 1 and 2

Request for Admission No. 1 seeks an admission "that a purpose of the Corner Portions of the D'301 patent is to reduce the angle of reflection at the corners of the Reflector." Dkt. 46 at 14.

Request for Admission No. 2 seeks an admission "that a purpose of the Corner Portions of the D'301 patent is to reduce the angle of reflection at the corners that generally cause hot spots at the plant canopy." Id. at 16.

Plaintiff responds to both Requests for Admission as follows: "Denied.  The D'301 patent is a design patent, not a utility patent.  Although the claimed design of the D'301 patent is the design embodied in or applied to an article of manufacture, the claimed design itself consists of visual characteristics.  As such, the D'301 patent does not have a 'purpose' for 'Corner Portions.'" Id. at 14, 17.

Defendant argues that contrary to Plaintiff's response to Requests for Admission Nos. 1 and 2, Plaintiff's marketing materials clearly show that Plaintiff has admitted "the designs claimed in the asserted design patents are functional in nature (not ornamental; i.e., not the proper subject of design patent protection)." Dkt. 54 at 4.  Whether or not the "Corner Portions" have a "purpose", however, appears to be a question for the trier of fact.  Plaintiff has properly responded to the requests for admission by denying them and stating under penalty of perjury that there is no purpose for the "Corner Portions."  Defendant's Motion to Compel further responses to Requests for Admission Nos. 1 and 2 is, therefore, DENIED.

### b. Requests for Admission Nos. 3 and 4

Request for Admission No. 3 seeks an admission "that a purpose of the Restrike is to prevent premature failure of the Lamp." Dkt. 46 at 17.

Request for Admission No. 4 seeks an admission "that a purpose of the Restrike is to prevent premature failure of the Lamp, because light that gets reflected back into the Lamp causes excessive heat and material breakdown of the Lamp." Id. at 19.

Plaintiff responds to both Requests for Admission as follows: Plaintiff "cannot truthfully admit or deny the request at least because Defendant defined 'Restrike' as 'the ridge depicted between the lamp and reflector in a grow light' and because the request does not reference any specific 'Restrike' of any specific grow light." Id. at 17, 19.

Defendant argues it identified the restrike in the asserted D'301 Patent.  Dkt. 54 at 6. Defendant, however, only identified the restrike in the asserted D'301 Patent as an example of the term "Restrike".  See dkt. 46 at 18 ("The term 'Restrike' (aka restrike, restrike ridge, or restrike panel) shall mean the ridge depicted between the lamp and reflector in a grow light, e.g., as depicted in Figure 2 of the D'301 patent.").  Plaintiff has, thus, properly explained its reason for being unable to admit or deny Requests for Admission Nos. 3 and 4.  Defendant's Motion to Compel further responses to Requests for Admission Nos. 3 and 4 is, therefore, DENIED.

### IV.
### CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is DENIED.